IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:21-cv-81012-AMC

KESHA C. PERKINS,

        Plaintiff,

vs.

WESTERN WORLD INSURANCE
COMPANY,

        Defendant.

_____/

## PLAINTIFF'S RENEWED MOTION TO COMPEL APPRAISAL[1]

Plaintiff, KESHA PERKINS, ("Plaintiff"), by and through undersigned counsel, hereby files this Motion to Compel Appraisal against Defendant, WESTERN WORLD INSURANCE COMPANY, ("WESTERN" or "the Defendant") and in support thereof states:

## PRELIMINARY FACTS

1.      On or about September 10, 2017, while the Policy was in full force and effect, the Property sustained a covered loss as a result of wind damage from Hurricane Irma (hereinafter the "Loss").

2.      Accordingly, the Defendant inspected the Property and prepared an estimate of damages reflecting what it unilaterally determined the value of the Loss to be.

3.      However, after diligent inspection of the Loss by Plaintiff, and his representatives, it was obvious that the Property sustained damages *substantially* greater than the damages

---

1 Renewed only to include certificate of conference as required by S.D. Fla. L.R. 7.1(2)(3).

acknowledged by the Defendant. Specifically, Defendant's estimate undervalued the cost of many repair items and overlooked many areas that sustained damages as a direct result of the Loss.

4.      Specifically, Defendant valued the covered damages to be below the Policy's $6,400.00 windstorm deductible, when in reality the Plaintiff believes she suffered approximately $81,137.59 worth of covered damages to her property as a result of the loss. *See Defendant's Correspondence attached hereto as Exhibit "A" and the Plaintiff's Sworn Statement in Proof of Loss attached hereto as Exhibit "B".*

5.      Plaintiff has demanded that Defendant honor its contractual obligation to make payment to her in an amount that is reflective of the true actual valuation of the Loss, but Defendant has refused to do so, in breach of the contract of insurance.

6.      To date, Defendant has refused to go to appraisal and has refused consider Plaintiff's request for proper payment and has failed to issue any payment, while unilaterally asserting that its original estimation of the value of the loss was correct.

7.      Plaintiff has fully cooperated with Defendant's investigation of the claim, performed all post-loss conditions or same have been waived, produced documentation and photographs requested, and has met all conditions precedent prior to filing this lawsuit.

8.      Pursuant to the terms of the Policy, when the parties are in disagreement as to the amount and scope of the Loss, either party may invoke the appraisal process, at any time, and the non-moving party must comply with the Policy's appraisal clause once invoked.

9.      Accordingly, Plaintiff has filed the instant Motion to Compel Appraisal so that this Court may enter an order sending the matter to appraisal so that the true amount of the loss can be established, as well as limiting the remaining issues in this litigation.

## **MEMORANDUM OF LAW**

"The law in Florida is clear that issues of coverage and liability under an insurance policy are for the court or jury, respectively, whereas a dispute regarding the amount of loss to be covered

under the policy is subject to appraisal if so provided in the insurance policy." *Hamaoui v. Am. Sec. Ins. Co.*, No. 19-CV-25102, 2019 WL 9514502, at *1 (S.D. Fla. 2019) (quoting *State Farm Fla. Ins. Co. v. Hernandez*, 172 So. 3d 473, 476 (Fla. 3d DCA 2015)).

> The division of responsibility between the appraisers and court is therefore clear. The appraisers determine the amount of the loss, which includes calculating the cost of repair or replacement of property damaged, and ascertaining how much of the damage was caused by a covered peril and the court decides whether the policy provides coverage for the peril which inflicted the damage, and for the particular property at issue; in other words, all coverage matters.

*People's Tr. Ins. Co. v. Garcia*, 263 So. 3d 231, 234 (Fla. 3d DCA 2019) (Lagoa, J.) (emphasis added) (alterations omitted) (quoting *Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n, Inc.*, 125 So.3d 846, 854 (Fla. 4th DCA 2013)).  "If an insurer admits that there is a covered loss, the amount of which is disputed, the amount of loss question is for an appraisal panel. If an insurer denies that there is a covered loss, the issue of coverage is one for the trial court." *767 Bldg., LLC v. Allstate Ins. Co.*, No. 10-CV-60007, 2010 WL 1796564, at *2 (S.D. Fla. 2010) (quoting *Sunshine State Ins. Co. v. Rawlins*, 34 So. 3d 753, 2010 WL 1576791, at *1 (Fla. 3d DCA 2010)).  Moreover, "where the insurer has not 'wholly denied' coverage, but the parties dispute whether the claimed damage resulted from a covered or uncovered cause, appraisal is appropriate to determine causation." *Merrick Pres. Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.*, 315 So. 3d 45, 50 (Fla. 4th DCA 2021); see also *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002) ("[C]ausation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed.").  Moreover, it is firmly rooted in Florida jurisprudence that an appraisal provision in an insurance policy is enforceable by the Court upon a petition to compel appraisal.  *Preferred Mutual Insurance Company v. Martinez*, 643 So.2d 1101 (Fla. 3d DCA 1994); *U.S. Fidelity & Guaranty Co. v. Romay*, 744 So.2d 467, 468 (Fla. 3d DCA 1999). Specifically, the Third District Court of Appeal in *Martinez, supra*, held that a

denial of a motion to compel appraisal was improper when the policy contained an appraisal clause. "A full reading of the clause (*appraisal clause*) makes clear that neither party has the right to deny that demand once it is made". *United Community Insurance Company v. Leslie Lewis*, 642 So.2d 59 (Fla. 3d DCA 1994); *See also Ziegler v Knuck,* 419 So.2d 818 (Fla. 3d DCA 1982); *and Intracoastal Ventures Corp. v. Safeco Ins. Co.*, 540 So.2d 162, 164 (Fla. 4th DCA 1989).

However, prior to invoking a policy's appraisal provision, "the parties must 'engage in some meaningful exchange of information sufficient for each party to arrive at a conclusion' of whether a disagreement exists." *Hamaoui,* 2019 WL 9514502, at *1 (quoting *U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467, 470 (Fla. 3d DCA 1999)).   To determine whether "an arbitrable issues exists," the Court must determine that a disagreement as to the amount of the Loss exists between the parties.  *Id.* (citing *U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467, 469 (Fla. 3d DCA 1999)).   A disagreement exists after the parties have submitted competing estimates and there has been "some meaningful exchange of information sufficient for each party to arrive at a conclusion." *Id. (*citing *Romay* at 470.). See also, *Maytin,* 51 So. 3d at 591 (citing to *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129, 131 (Fla. 4th DCA 2010); *First Home Ins. Co. v. Fleurimond*, 36 So. 3d 172 (Fla. 3d DCA 2010); and, *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129, 131 (Fla. 4th DCA 2010)).   Furthermore, "in order to make a preliminary determination that there is a disagreement between the insurer and the insured regarding the amount of the loss, the trial court must be satisfied of the insured's compliance with the policy's post-loss conditions." *United Property and Casualty Insurance Company v. Concepcion*, 83 So. 3d 908, 910 (Fla. 3d DCA 2012).  In other words, Plaintiff need to establish that she provided Defendant with an independent means by which to determine the amount of the Loss, as opposed to relying solely on the insured's representations.  See *Scottsdale Ins. Co. v. University at 107th Avenue, Inc.,* 827 SO. 2d 1016, 1016 (Fla. 3d DCA 2002) (quoting *Romay* at 471 n. 4).

The districts have not reached a consensus on whether the trial court must resolve coverage issues before compelling appraisal when the insurer denies coverage. The Third District Court of Appeal follows the "dual track" approach to appraisals. *See Sunshine State v. Rawlins,* 34 So. 3d 753 (Fla. 3d DCA 2010). The *Sunshine* court held that (i) the issue of the amount of loss sustained by insured is ripe for determination by an appraisal panel and (ii) the trial court can allow appraisal of the loss and the determination of coverage to move forward on a dual track basis. *Id.* The Third District Court of Appeal has specifically held that the discretion to determine the order in which coverage loss issues are considered does not override a preliminary determination **as to whether an arbitrable issue exists**. *Citizens Property Ins. Corp. v. Mango Hill Cond. Ass'n 12 Inc.,* 54 So. 3d 578, 581 (Fla. 3d DCA 2011) (emphasis added). The Second District has recently joined the Third District in adopting the dual-track approach. *See generally Am. Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n,* 306 So. 3d 1238, 1242 (Fla. 2d DCA 2020)*; see also Villagio at Estero Condo. Ass'n, Inc. v. Am. Cap. Assurance Corp.*, 2021 WL 1432160 (Fla. 2d DCA 2021)*.* The Fourth District, however, has held that the trial court must resolve all underlying coverage disputes prior to ordering an appraisal where the insurer has "wholly denied" coverage. *Citizens Prop. Ins. Corp. v. Demetrescu*, 137So. 3d 500, 502 (Fla. 4th DCA 2014). Unlike the claim in *Demetrescu,* in the instant matter Frontline has unquestionably admitted coverage for part of the Plaintiffs' claim but has declined to repair their roof. In other words, Frontline has not "wholly denied" coverage. *See Peoples Trust Insurance Co. v. Tracey*, 251 So. 3d 931 (Fla. 4th DCA 2018); *see also Merrick Preserve Condo. Ass'n., Inc. v. Cypress Property and Casualty Insurance Co.*, 2021 WL 1206394 (Fla. 4th DCA 2021). In *Tracey*, the insurer successfully argued an appraisal was proper to determine whether the roof damage was caused by a covered cause or an uncovered cause. *Id.*

Further, the case law in Florida is clear that the duties after loss provision of an insurance policy only requires the insureds to respond to requests made directly to him/her from the insurance

company; it does not obligate them to comply unsolicited. *Herrera v. Tower Hill*, 161 So.3d 565 (Fla. 2d DCA 2014); *See also Cook v. First Liberty Ins. Corp.*, 2011 WL 583743 (M.D. Fla. Nov. 21, 2011)(absent a request for reports in the denial letter, the insureds are not require to produce them under "duties after loss" provision); *See Ro-Ro Enterprises, Inc. v. State Farm*, 1994 WL 16782171 at 4 (S.D. Fla. 1994) (holding that an insurer's denial of liability indicates that the insurer has already decided to refuse payment for any loss; such a decision makes filing of proofs of loss "**a vain and futile act**", and the requirement that proofs of loss be filed is said to have been waived.) *citing Keel v. Independent Life*, 99 So. 2d 225 (Fla. 1958).

In the instant matter, it is undisputed that Defendant improperly denied Plaintiff's request for a re-evaluation of their claim and Defendant has not made any additional requests of the Plaintiff to comply with post-loss obligations.  Plaintiff was ready, willing, and able to comply with all post loss obligations had Defendant elected to request such compliance.  However, as stated above, Defendant has unquestionably waived its right to require Plaintiff to comply with the Policy's post-loss obligations and/or allege that any failure to do so resulted in a breach relieving them of liability.  Nevertheless, Plaintiff still produced estimates, proposals, and photographs to Defendant so that the Defendant could independently determine the true scope of the Loss and therefore, should have received a proper payment for the damages sustain to their property. Defendant has been given more than adequate information to evaluate the existence of a dispute as to the amount of the Loss and should be ordered to appraise the Loss pursuant to the terms of **the Policy it drafted**.

## <u>REQUEST FOR HEARING</u>

In accordance with *Local Rule 7.1(b)(2)*, the Plaintiff respectfully requests that this Court convene a hearing to allow the undersigned to address the Plaintiff's arguments as to the Motion to Compel Appraisal to Dismiss and otherwise address the positions/arguments raised by the Defendant in opposition thereto.  Affording such hearing would allow the Court to better address

the merits of the relief requested by the Plaintiff and otherwise allow the Parties' counsel to address any inquiries of this Court.

The threshold question for this Court is to consider at the evidentiary hearing is as follows:

> **Whether sufficient information (in the form of compliance with post-loss obligations) has exchanged hands between the parties so that there is a <u>disagreement or dispute as to the amount of the Loss</u>**

As provided by Florida Law, **the limited purpose and scope of the evidentiary appraisal hearing is <u>only</u> to determine if the parties had a "dispute as to the amount of the loss," and are thereby entitled to proceed to appraisal.** *United Property and Casualty Insurance Company v. Concepcion*, 83 So. 3d 908, 910 (Fla. 3d DCA 2012). Further, so long as Plaintiff has provided the Defendant with information (beyond the word of the insured) so as to determine whether a disagreement as to the amount of the Loss exists, then submitting the matter to appraisal is the appropriate procedure. <u>See</u> *Scottsdale Ins. Co. v. University at 107th Avenue, Inc.,* 827 So.2d 1016, 1016 (Fla. 3d DCA 2002).

Moreover, because Defendant has breached the policy by its continued reliance on its unilateral determination of the Loss, **<u>Defendant has now waived their right to require the Plaintiff to comply with any contractual obligations</u>**. *Hartford Acc. & Indem. Co. v. Phelps*, 294 So. 2d 362, 365 (Fla. 1st DCA 1974) (an insurer, by unconditionally denying any liability upon its policy, waives post-loss obligations required by the policy). In fact, upon an insurance carrier's first breach of its' policy obligations, the Insured has then been relieved of any subsequent duty on their part. *See Mercury Ins. Co. of Florida v. Anatkov,* 929 So.2d 624 (Fla. 3d DCA 2006) (where, as here, an insurer denies coverage which actually exists, "the insurer has breached the contract and therefore cannot be allowed to rely upon a contractual provision prohibiting the insured from settlement of the claim with a responsible party in order to relieve itself from liability." *Quoting Aristonico Infante v. Preferred Risk Mut. Ins. Co.*, 364 So.2d 874, 875 (Fla. 3d

DCA 1978); *see also Wegener v. International Bankers Ins. Co*., 494 So.2d 259, 259 (Fla. 3d DCA 1986) (confirming that the effect of a repudiation of coverage found to be improper "was to waive any right to insist upon the insureds' necessarily thus futile compliance with the various conditions to recovery including notice and the preservation of the carrier's subrogation rights").

## CONCLUSION

It is undisputed that Defendant and Plaintiff have a disagreement as to the amount of the Loss, then pursuant to the Policy's appraisal provision, the appropriate mechanism to determine a true and accurate amount of the Loss is through the appraisal process.  As a result, Plaintiff is entitled to appraisal as he fully complied with the post loss obligations and, more importantly, the record evidence in possession of the parties, and this Court, clearly indicates that the parties are aware of a disagreement as to the amount of the Loss such that appraisal is warranted.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order compelling the Defendant to comply with the Policy's appraisal clause, to abate the action until such time that the appraisal process is completed and grant any such as relief as this Court deems just and proper.

**[*CERTIFICATE OF SERVICE TO FOLLOW*]**

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that on the 29th day of September 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing. We further certify that as required by S.D. Fla. L.R. 7.1(a)(3) counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so

**GROSSMAN, LeMONTANG**
**& de la FUENTE, PLLC**
*Counsel for Plaintiff*
75 Valencia Avenue, Suite 800
Coral Gables, Florida 33145
Telephone No. (305) 446-0303
Facsimile No. (305) 446-4503

**By:** /s/ *J. Bruno de la Fuente*
      **J. Bruno de la Fuente, Esq.**
      Florida Bar No. 81674

**<u>SERVICE LIST</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:21-cv-81012-AMC

KESHA C. PERKINS,

       Plaintiff,

vs.

WESTERN WORLD INSURANCE GROUP,

       Defendant.

_____/

Steven C. Teebagy, Esquire
Florida Bar No.: 64823
Crystalin C. Medeiros, Esquire
Florida Bar No.: 56342
Bethany Ruiz, Esquire
Florida Bar No. 107059
The Teebagy & Medeiros Law Group, PLLC P.O. Box 221647
West Palm Beach, FL 33422
Phone: (561) 229-0280
Facsimile: (561) 229-0281
Service Email: eservice@thetmlaw.com Counsel for Defendant

# Exhibit A



Western World Insurance Group
300 Kimball Drive, Suite 500
Parsippany New Jersey 07054
USA

T 201 847 8600   |   F 201 847 1780
TOLL FREE:  (866) 852-2990

**www.westernworld.com**

December 27, 2017

Sent Via:
Standard U.S.P.S Mail
Kesha C Perkins
2638 Sawyer Ter
Wellington, FL 33414

RE:    Claim No.:      135778
       Our Insured:   Kesha C Perkins
       Date of Loss:  9/10/2017
       Loss Location: 2638 Sawyer Ter, Wellington, FL 33414
       Policy No.:     WHO0002609

Dear Ms. Perkins:

     I am the Property Claim Specialist employed by Western World Insurance, and the assigned claim handler for the above referenced matter.  I am responsible for handling this claim and determining what coverage may be available under the terms of the insurance policy that you purchased from Western World.

     Please find a repair estimate enclosed for the damages to your property.  The replacement cost of the repairs totals $310.57, which falls below your $6,400 windstorm deductible.

     At this time, Western World will be unable to issue any payment for the above-mentioned loss as the damages have not yet exceeded the windstorm deductible.

     Hopefully, this letter has provided you with a clear explanation of our position regarding your insurance coverage for this claim.  However, if you have any further questions concerning this letter or your claim, please feel free to call me at your convenience.

     Sincerely,

     Shayla Hawkins
     Property Claim Specialist

# Exhibit B

WHOH0002609-01-0000

**POLICY NO.**
6/29/2017 - 6/29/2018

**POLICY TERM**
$512,000.00

**AMT OF BLDG COV AT TIME OF LOSS**

# SWORN STATEMENT IN PROOF OF LOSS

HP210304
**INS CLAIM NO.**

**AGENT**

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD AN INSURANCE COMPANY OR OTHER PERSON FILES A STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME.

**AGENCY AT**

TO  Western World Group :

At time of loss, by above indicated policy of insurance, you insured the interest of

**Kesha C. Perkins; 2638 Sawyer Ter.; Wellington, FL 33414**

against loss by Hurricane Damage  to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers and assignments attached thereto.

**TIME AND ORIGIN**  A  Hurricane _____ loss occurred about the hour of  Twelve  o'clock  AM.,
on the  11  day of  September, 2017 _____ . The cause of the said loss was:
Hurricane Irma

**OCCUPANCY**  The premises described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever:
Residential

**INTEREST**  No other person or persons had any interest therein or encumbrance thereon except:
First Mortgagee
Loan# 0176854935

| | |
|---|---:|
| 1. FULL AMOUNT OF INSURANCE applicable to the property for which claim is presented is ........................................ | $512,000.00 |
| 2. ACTUAL CASH VALUE of building structures ........................................................................................... | $0.00 |
| 3. ADD ACTUAL CASH VALUE OF CONTENTS of personal property insured ................................................. | $0.00 |
| 4. ACTUAL CASH VALUE OF ALL PROPERTY .......................................................................................... | $0.00 |
| 5. FULL COST OF REPAIR OR REPLACEMENT (Building and Contents).................................................... | $87,537.59 |
| 6. LESS APPLICABLE DEPRECIATION ................................................................................................... | $0.00 |
| 7. ACTUAL CASH VALUE LOSS is ........................................................................................................ | $87,537.59 |
| 8. LESS DEDUCTIBLES ...................................................................................................................... | $6,400.00 |
| 9. NET AMOUNT CLAIMED under above numbered policy is ................................................................ | $81,137.59 |

The said loss did not originate by any act, design or procurement on the part of your insured, nothing has been done by or with the privity or consent of your insured to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss, no property saved has in any manner been concealed, and no attempt to deceive the said insurer as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

Subrogation - To the extent of the payment made or advanced under this policy, the insured hereby assigns, transfers and sets over the insurer all rights, claims or interest  that he has against any person, firm or corporation liable for the loss or damage to the property for which payment is made or advanced.  He also hereby authorizes the insurer to sue any such third party in his name.

The insured hereby warrants that no release has been given or will be given or settlement or compromise made or agreed upon with any third party who may be liable in damages to the insured with respect to the claim being made herein.

The furnishing of this blank or the preparation of proofs by a representative of the above insurer is not a waiver of any of its rights.

I declare under penalty of perjury that the information contained in the foregoing is true and correct to the best of my knowledge and belief.

State of  FL

County Of  Palm Beach

Subscribed and sworn before me this  21  day of  October , 2020

_Kesha Perkins_  (Physical Presence)
Insured
Insured

Notary Public



MANUEL GARCIA
Notary Public, State of Florida
Commission# GG 276265
My comm. expires Nov. 13, 2022