IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:21-cv-81012-AMC

KESHA C. PERKINS,

        Plaintiff,

vs.

WESTERN WORLD INSURANCE
COMPANY,

        Defendant.

_____/

## JOINT MOTION TO APPOINT NEUTRAL UMPIRE

Defendant, Western World Insurance Company ("Western" or "Defendant"), and the Plaintiffs, Kesha Perkins ("Plaintiff") by and through their undersigned counsel (collectively referred to as the "Parties"), hereby files this Joint Motion to Appoint Neutral Umpire, and in support thereof, states as follows:

1.      On October 14, 2021, the Parties filed their Notice of Filing Stipulation and Agreement.  [D.E. 35].

2.      Pursuant to the agreement entered into between the Parties, the Parties stipulated to submit this matter to binding appraisal and that all issues will be completely resolved by the appraisal panel's award and the stipulations and agreements, as reflected in the Stipulation and described more fully therein. [D.E.35].

3.      A Joint Motion to Abate the Proceedings Per Stipulation and Agreement was filed and ultimately granted by this Court.  [D.E. 36 and D.E. 39].

4.    The Plaintiff has named Ariel Martin Caribbean Inspectors and Consultants, Inc. ("Caribbean Inspectors") as its appraiser.  The Defendant has named Anthony Allogia with All Claims Repairs, Inc. ("All Claims") as its appraiser (collectively "appraisers").

5.    On October 26, 2021, October 29, 2021, and November 4, 2021, All Claims sent its list of twelve (12) proposed umpires to Caribbean Inspectors.

6.    On November 22, 2021, Caribbean Inspectors advised that they did not agree to any of the proposed umpires submitted by All Claims and provided a list of two (2) potential umpires.

7.    That same day, All Claims advised that it was not in agreement and provided ten (10) additional names for the parties to select from.

8.    Caribbean Inspectors advised it did not agree with the additional names proposed by All Claims, and informed All Claims that the Parties would need the Court to appoint an umpire.

9.    The Policy's appraisal provision provides for the appointment of an umpire by the Court in the event the parties' appraisers are unable to select an umpire.

The appraisal provision of the Policy states:

**F. Appraisal**
If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose  a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. *If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.*  The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
Each party will:
    **1.** Pay its own appraiser; and
    **2.** Bear the other expenses of the appraisal and
       umpire equally.

A copy of the Policy is attached hereto as Exhibit A, p. 15 of 24 of Form HO 00 03 05 11.

10.     The parties' appraisers have been unable to agree to an umpire. As such, the parties request this Court appoint an umpire so that this matter may proceed through appraisal in a timely manner and in accordance with the Joint Stipulation and Agreement reached by the Parties. Pursuant to the Policy, all necessary provisions, requirements, terms, and conditions for the Court to appoint an umpire have been met.

11.     An appraisal umpire's role is to evaluate the claim and to determine which appraiser's figures are correct. *See Allstate Ins. Co. v. Martinez*, 790 So. 2d 1151, 1152 (Fla. 3d DCA 2001), approved, 833 So. 2d 761 (Fla. 2002) ("Appraisers are expected to act on their expertise. They need to meet only to iron out any differences in their opinions.").

12.     Under the plain language of the policy, a decision agreed to by any two of the three participants - the two appraisers and the one umpire - is binding. Therefore, the umpire's role is critical in determining the amount of the loss. Because an umpire acts, essentially, as a third appraiser, an umpire should have sufficient knowledge or expertise to determine the scope of damage and the appropriate cost to repair same.

13.     As discussed by Florida's Third District Court of Appeal, "in order to perform competently as an appraiser…common sense require[s] that an appraiser must have experience in the estimation of materials and labor costs for the repair and replacement of damaged property." *Noa v. Fla. Ins. Guar. Ass'n.*, 215 So. 3d 141, 143 (Fla. 3d DCA 2017).

14.     Further, "professional construction industry expertise. . . should be 'baked into' the appraisers' and umpire's computations, and not left open for a re-appraisal or for a determination by the court." *Id*. Accordingly, a neutral property appraisal umpire should have expertise with first

party property claims and/or construction, so as to be able to make their own independent evaluation of the claimed loss.

15.     The parties have conferred on this matter and selected the following umpires for the Court's consideration.

16.     Plaintiff has requested the Court appoint one of the following candidates to serve as the umpire in this matter:

Scott Thomas

Mario Rios

17.     Defendant has requested the Court appoint one of the following candidates to serve as the umpire in this matter:

Tom Wareham

David Justice

Peter Kapas

Rick Zengler

Jon Doan

Richard Collins

Wherefore, Plaintiff, Kesha Perkins, and Defendant, Lexington Insurance Company request this Honorable Court enter an Order appointing one of the above proposed candidates to serve as umpire in the appraisal process.

Dated: January 19, 2022

Respectfully submitted by:

| | |
|---|---|
| By: _/s/ J. Bruno De La Fuente_<br><br>J. Bruno De La Fuente, Esquire<br>Florida Bar No. 8167<br>Grossman, LeMontang & de la Fuente, PLLC<br>75 Valencia Avenue, Suite 800<br>Coral Gables, Florida 33134<br>Telephone No. (305) 446-0303<br>Facsimile No. (305) 446-4503<br>Email: RSL@gldlawyers.com<br>JBF@gldlawyers.com<br>**_Counsel for Plaintiff_** | By:  _Steven C. Teebagy_<br><br>Steven C. Teebagy, Esquire<br>Florida Bar No.: 64823<br>Bethany C. Ruiz, Esquire<br>Florida Bar No.: 107059<br>The Teebagy & Medeiros Law Group, PLLC<br>P.O. Box 221647<br>West Palm Beach, FL 33422<br>(561) 229-0280 Telephone<br>(561) 229-0281<br>Service Email: eservice@thetmlaw.com<br>**_Counsel for Defendant_** |

## CERTIFICATE OF SERVICE

  **WE HEREBY CERTIFY** that on the 19th day of January 2022, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       **The Teebagy & Medeiros Law Group, PLLC**
       P.O. Box 221647
       West Palm Beach, FL 33422
       (561) 229-0280 Telephone
       (561) 229-0281 Facsimile
       Service Email:  eservice@thetmlaw.com
       Counsel for Defendant

    By:  ___/s/   Steven C. Teebagy_____
     Steven C. Teebagy, Esquire
     Non-Service Email:  steebagy@thetmlaw.com
     Florida Bar No.:  64823
     Bethany C. Ruiz, Esquire
     Non-Service Email:  bruiz@thetmlaw.com
     Florida Bar No.:  107059

**<u>SERVICE LIST</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

KESHA C. PERKINS V. WESTERN WORLD INSURANCE GROUP

CASE NO.: 9:21-cv-81012-AMC

Ryan LeMontang, Esquire
Florida Bar No. 119922
J. Bruno De La Fuente, Esquire
Florida Bar No. 8167
Grossman, LeMontang & de la Fuente, PLLC
75 Valencia Avenue, Suite 800
Coral Gables, Florida 33134
Telephone No. (305) 446-0303
Facsimile No. (305) 446-4503
Email: RSL@gldlawyers.com
JBF@gldlawyers.com

***Counsel for Plaintiff***